HAMLIN, Justice
(concurring).
I concur. A reference to Volume 1 of West’s LSA Code of Civil Procedure discloses that the Preface thereof contains the following statement in Paragraph 1:
“The Louisiana Code of Civil Procedure, adopted by Act 15 of 1960, effective January 1, 1961, is the culmination of twelve years’ study and research by the Louisiana State Law Institute as authorized by Act 335 of 1948. The new Code consolidates the procedural rules applicable generally to civil actions and proceedings, modernizes the state’s system of civil procedure and adapts it for efficient use under modern social and economic conditions.”
This Preface is by the publisher and was written in July 1960.
On July 1, 1959, the Louisiana State Law Institute addressed a letter signed by all members thereof to the Governor and Members of the Legislature of the State of Louisiana. The first paragraph reads as follows:
“The Louisiana State Law Institute is pleased to report that it has completed the revision of the Code of Practice, as directed by Act No. 335 of 1948.”
*719 This letter appears after the Preface in Volume 1, supra;
The “REPORT TO ACCOMPANY THE PROJECT OF THE PROPOSED LOUISIANA CODE OF CIVIL PROCEDURE” was addressed to the Legislature 'of Louisiana and appears in said Volume 1, at Pages XI et seq.
“REVISION POLICIES” appear on Pages XII and XIII of Volume 1, and Paragraphs 3 and 6 thereof read as follows :' ' ’
“Of necessity, a number of changes in the present procedural law are recommended. These consist principally of the modification and modernization of the present rules rather than the adoption of new ones. Despite the excellent work done by our appellate courts during the past quarter-century in the discarding of hypertechnical jurisprudential rules, a large number of these remain in our procedural law. They are anachronistic relics of the era when a lawsuit was regarded merely as a duel between skilled protagonists. These unfortunate jurisprudential rules are recommended for legislative overruling.
if * ‡ *
“The procedural philosophy of the proposed new code is reflected in a number of its articles. While differently phrased, all of these provisions are based on the simple premise that lazvsuits should be decided on their merits, and should not turn on arbitrary or technical rules of procedure. Perhaps this procedural philosophy is summarized by Article 5051 of the proposed new code, recommended for adoption as a perpetual reminder to the courts:
“ ‘The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.’ ” (Emphasis mine.)
I am at a loss to understand why Paragraphs 3 and 6, supra, were not published as the “Comment” under Article 5051, instead of the one which appears. The “Comment” which appears is, in my view, merely a restatement of the Article.
I am of the opinion that, based on the simple premise set forth in the Project, this is a lawsuit which should be decided on its merits and should not turn on technical rules of procedure.
I respectfully concur.